736

[Civ. No. 11967.   Second Appellate District, Division One.—September 24, 1940.]

I. B. BENJAMIN et al., Respondents, v. EUGENE FRENKE, Appellant.

Leon Kaplan for Appellant.

Benjamin, Lieberman & Elmore for Respondents.

YORK, P. J.—The factual situation presented by the record herein is briefly as follows:

Appellant, a scenario writer and motion picture director, engaged the respondent attorneys at law to represent him in connection with certain claims which he had against the Universal Pictures Corporation, herein referred to as Universal, and on January 28, 1937, respondents delivered to appellant a retainer agreement which provided that they were "to receive and retain out of any recovery obtained on my behalf either by way of settlement of said claim, in or out of court, or collection of judgment, 35% of any and all sums so recovered, received or collected.  In the event action of an appeal in the litigation aforesaid or in the event of a

new trial being granted and the case being tried a second time or a second trial being commenced, then your percentage is to be 40%.'' This agreement was never signed, but on February 6, 1937, appellant prepared, signed and his secretary delivered to respondents a retainer agreement which contained, among other things, the following recital:

''You are to receive and retain out of any recovery obtained on my behalf either by way of settlement of said claim, in or out of court, or collection of judgment, fifteen (15%) per cent of any and all sums so recovered, received or collected out of court; thirty (30%) per cent of any and all sums so recovered, received or collected through court action and/or trial. In the event action of an appeal in the litigation aforesaid or in the event of a new trial being granted and the case being tried a second time or a second trial being commenced, then your percentage is to be thirty-five (35%) per cent.''

On February 17th, respondents wrote to appellant at London, England, with respect to the terms contained in the retainer of February 6th, to the effect that the 15 per cent provided therein meant they could collect 15 per cent in the event a settlement was effected without filing a complaint, and that the fee would be 30 per cent if an action were filed. Respondents enclosed with this letter a new retainer agreement which provided that they proceed ''on the basis of one-third to us of any amount or amounts recovered, in any event, except in case of a new trial being granted . . . or a second trial being commenced, or in the event of an appeal . . . it would be 40%''.

On March 11, 1937, appellant wrote respondents from London: ''I acknowledge your letter of February 17th and enclose the documents you wished me to sign. I have only changed 33⅓ to 30% and I know you will agree with this.'' No documents were enclosed.

Meanwhile, respondents had commenced negotiations with Universal for a settlement of appellant's claim and on March 29th Universal disclaimed any liability therefor. On April 9th respondents mailed to appellant a preliminary draft of a complaint which they had prepared in the matter, and after several discussions between appellant and respondents, this was redrafted and filed on May 4, 1937. Thereafter, counsel for Universal filed a motion to strike which was

denied on July 8, 1937, after the same had been argued and briefed by respondents on behalf of appellant, whereupon counsel for Universal filed their answer to the complaint, and in connection therewith took appellant's deposition in the presence of two attorneys from respondents' office. The cause was set for trial on April 4, 1938, and continued to April 14, 1938. After several months' delay, and shortly before the date set for trial, the negotiations which had theretofore been commenced culminated in a settlement between Universal and appellant for the sum of $17,500. At this point, the question of the amount of respondents' fees arose, when it was mutually agreed that Universal should issue three checks, one to appellant for 70 per cent of the amount agreed upon in the settlement, one to respondents for 15 per cent thereof, and another to respondents and appellant jointly for the remaining 15 per cent, the latter check to remain in the hands of attorneys for Universal pending settlement between the parties hereto.

A settlement did not materialize and respondents filed the instant action to recover the $2,625 represented by the joint check in the custody of Universal's attorneys, alleging in their complaint that "between January 28, 1937 and March 11, 1937, . . . plaintiffs and defendant entered into an agreement, by which defendant retained plaintiffs to recover certain moneys claimed to be due defendant by reason of an alleged breach of contract previously entered into between the defendant and Universal Pictures Corporation . . . Defendant agreed to pay plaintiffs as and for their fee the following sums: (1) Fifteen per cent (15%) of all sums recovered, received or collected out of court; (2) Thirty per cent (30%) of all sums recovered, received or collected through court action and/or trial; and (3) Thirty-five per cent (35%) of all sums recovered, received or collected in the event of an appeal or second trial."

Appellant's answer denied generally and specifically the allegations of the complaint and alleged "that any agreement which may have been entered into between plaintiffs and defendant was entered into on the 6th day of February, 1937; that the terms and conditions of said agreement were contained and set forth in a letter dated February 6, 1937, a full, true and correct copy of which is attached . . . ".

The trial court interpreted the letter of February 6, 1937, as allowing respondents 30 per cent of the amount recovered. From the judgment which was thereafter entered, appellant prosecutes this appeal upon the grounds (1) that no express agreement between the parties with respect to fees has been proved; and (2) assuming an agreement existed it must be interpreted as limiting respondents' compensation to 15 per cent of appellant's total recovery.

A review of the record herein reveals that there is no merit in this appeal. Appellant by his affirmative allegation in his answer, in arguing his motion for a nonsuit, and in fact throughout the trial in the court below, relied upon the letter of February 6, 1937, as being an exact statement of the terms agreed upon between him and the respondents. His disagreement is with the interpretation placed upon the language of the letter by the trial court.

We agree with the trial court that the words: "You are to receive and retain out of any recovery obtained on my behalf, either by way of settlement of said claim, in or out of court, or collection of judgment," constitute a statement of the contingencies with which the parties were confronted at that time and is a preliminary statement only, to the effect that they might settle the matter out of court, or they might go to court; and that the following language, "15% of any and all sums so recovered, received or collected out of court; 30% of any and all sums so recovered, received or collected through court action and/or trial", is an unambiguous and clear statement of the fee to be paid to respondents.

The matter in controversy was set for trial, consequently respondents were entitled to 30 per cent of the amount recovered by appellant through the settlement with Universal.

The judgment is affirmed.

Doran, J., and White, J., concurred.